This military pay case comes before the court on the Government’s motion for summary judgment. Plaintiffs are the parents of deceased Army Chief Warrant Officer Sheldon D. Schultz, who was last seen piloting a military aircraft in Vietnam on January 5, 1968. In this -action, plaintiffs seek to recover accumulated pay and allowances paid by the General Accounting Office to Donna Schultz Weigand, the decedent’s former wife and designated beneficiary. The Government contends that payment to Donna Schultz Weigand was proper and in strict compliance with 10 U.S.C. §2771, which governs the final settlement of accounts of deceased members of the armed forces. We agree with the Government and grant its motion for summary judgment.
The operative facts are not in dispute. In October 1967 Sheldon Schultz executed Army Form 41, Record of Emergency Data, and designated "Donna Mari Schultz (Wife) - 100%” to receive his unpaid pay and allowances in the *809 event of death. Sheldon Schultz’s aircraft was hit by hostile fire in Vietnam on January 5, 1968, and he was officially reported as missing in action (MIA) on that date. On June 5, 1971, more than three years after her husband was declared MIA, Donna Mari Schultz married Kenneth F. Weigand.
Several years passed, during which time the Army regularly credited pay and allowances to the account of Warrant Officer Schultz. However, on April 2, 1979, Warrant Officer Schultz was officially found by the Army to have been killed in action and was presumed dead. Shortly thereafter, plaintiffs made a claim to the United States General Accounting Office for their son’s accumulated pay and allowances. The General Accounting Office subsequently rejected plaintiffs’ claim, citing 10 U.S.C. §2771, and ruled that Donna Schultz Weigand was the designated beneficiary of Warrant Officer Schultz. Pursuant to the determination of the General Accounting Office, on June 15, 1979, the United States Army Financing and Accounting Center paid Warrant Officer Schultz’s accumulated pay and allowances (totaling $176,549.29) to Donna Schultz Weigand.
Section 2771, which governs the distribution of the accumulated pay and allowances of a deceased member of the armed forces, provides in part:
§2771. Final settlement of accounts: deceased members
(a) In the settlement of the accounts of a deceased member of the armed forces who dies after December 31, 1955, an amount due from the armed force of which he was a member shall be paid to the person highest on the following list living on the date of death:
(1) Beneficiary designated by him in writing to receive such an amount, if the designation is received, before the deceased member’s death, at the place named in regulations to be prescribed by the Secretary concerned.
(2) Surviving spouse.
(3) Children and their descendants, by representation.
(4) Father and mother in equal parts or, if either is dead, the survivor.
(5) Legal representative.
(6) Person entitled under the law of the domicile of the deceased member.
*810 * * * * *
(d) A payment under this section bars recovery by any other person of the amount paid.
The record before us indicates that Donna Mari Schultz was the beneficiary designated by Warrant Officer Schultz on Form 41 to receive his accumulated pay and allowances. Plaintiffs have been granted three extensions of time to respond to the Government’s motion for summary judgment, but still have failed to come forth with any evidence which suggests that Warrant Officer Schultz’s designation was defective or otherwise not in compliance with 10 U.S.C. §2771 or Army regulations promulgated thereunder.
Plaintiffs have also failed to distinguish the controlling precedent established in our recent decision in Ward v. United States, 227 Ct. Cl. 90, 646 F.2d 474 (1981), where we upheld the payment of a decedent’s accumulated pay and allowances to a designated beneficiary who had remarried before the presumed date of the serviceman’s death. In Ward, we stated that "Captain Ward’s designation is not limited by the remarriage whether subsequent or prior to the date of death.” Id. at 100, 646 F.2d at 479. Similarly, Warrant Officer Schultz’s designation in this case is not limited by the subsequent remarriage of his wife. Payment under 10 U.S.C. §2771 is provided, because of status only, to the "persons” listed in subsections (a)(2) through (a)(6). It is the designation of a specific "person” by the deceased member that distinguishes subsection (a)(1) from subsections (a)(2) through (a)(6). Warrant Officer Schultz specifically designated Donna Mari Schultz as that person, parenthetically identifying her as his wife, which she was. Because we find that payment was made to the beneficiary designated in writing under 10 U.S.C. §2771, section (d) of the statute (quoted above) bars plaintiffs’ present action to recover the amount paid by the Government to Donna Schultz Weigand.
Plaintiffs’ allegation that they were not given a hearing on their claim is similarly without merit. Plaintiffs cite a section of the Administrative Procedure Act, 5 U.S.C. §554, in support of their view, but the section applies only in cases "required by statute to be determined on the record after opportunity for an agency hearing.” There is no *811 statutory authority which requires the General Accounting Office to conduct a hearing in this case. The General Accounting Office reviewed the written record prior to making its decision, and we find no error in this procedure.
it is therefore ordered, after consideration of the submissions of the parties, and without hearing oral argument, that defendant’s motion for summary judgment is granted. Plaintiffs’ petition is dismissed.